IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| COREY ALAN BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:15-cv-00482 |
| | ) | Senior Judge Haynes |
| v. | ) | |
| | ) | |
| JOHN NICHOLSON, IRC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff Corey Alan Bennett, an inmate at Riverbend Maximum Security Institution in Nashville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 and his application to proceed *in forma pauperis*. (Docket Entry No. 2.)

Plaintiff has initiated at least 34 actions in this Court alone in the course of the past eleven months.[1] Statewide, he has filed at least 72 federal lawsuits and 16 appeals to the United States Court of Appeals for the Sixth Circuit.[2] Plaintiff has filed many more than three lawsuits that have previously been dismissed either as being frivolous or for failure to state a claim.[3] Every district court in Tennessee has recognized that Plaintiff is subject to the PLRA's 3-strikes

---

[1] *Bennett v. Scott et al.*, No. 3:15-cv-00729 (M.D. Tenn. July 15, 2015) (Appendix 1, Docket Entry No. 4-1).

[2] *Id.*

[3] *See, e.g., Bennett v. Isaacs*, No. 3:13-cv-299 (E.D. Tenn. Oct. 10, 2013) (order dismissing complaint as frivolous and for failure to state a claim); *Bennett v. Sexton*, No. 3:13-cv-494 (E.D. Tenn. October 15, 2013) (dismissing as frivolous and for failure to state a claim); *Bennett v. Sexton*, No. 3:13-cv-538 (E.D. Tenn. October 15, 2013) (dismissing as frivolous and for failure to state a claim).

provision.[4]

The complaint is before the Court for a determination of whether Plaintiff may be authorized to proceed *in forma pauperis* in light of the applicable bar established by 28 U.S.C. § 1915(g). The effect of the Prison Litigation Reform Act of 1995 ("PLRA") was to implement "constraints designed to prevent sportive filings in federal court." *Skinner v. Switzer*, 562 U.S. 521, 535 (2011). One of the PLRA's constraints bars prisoners from bringing a civil action or appealing a judgment in a civil action *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words, a prisoner-plaintiff who falls within the scope of § 1915(g), may not file a civil lawsuit in federal court without prepayment of the filing fee, unless he is under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 603–04 (6th Cir. 1998).

As reflected by 34 actions in this Court, all after being deemed to be subject to § 1915(g), this restriction has not deterred Plaintiff from continuing to file frivolous lawsuits. In many of those complaints, including the one currently before the Court, Plaintiff intentionally crafts his allegations to overcome the bar by alleging imminent danger and lecturing the Court about its duty to grant him IFP status and order service:

---

[4] *See, e.g., Bennett v. RMSI Trust Fund Dept.*, No. 3:14-cv-01691 (M.D. Tenn. Aug. 22, 2014) (denying *in forma pauperis* application on the basis that Plaintiff was subject to 3-strikes provision of 28 U.S.C. § 1915(g)); *Bennett v. Roberts*, No. 1:14-cv-01113 (W.D. Tenn. May 21, 2014) (same); *Bennett v. Jones*, No. 3:13-cv-0626 (E.D. Tenn. Nov. 12, 2013) (same).

> My life is in imminent danger. Due to my life in imminent danger this Court must waive the 3 strikes provision and must grant me permission to proceed in Forma Pauperis. In *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), it clearly says the Court <u>must</u> accept these allegations as true. That is the Court **CANNOT** decline pauper status simply because it finds the factual allegations of Imminent Danger to be improbable or unlikely. As a Pro-Se plaintiff I am entitled to have my complaint liberally construed. Therefore the Court <u>must</u> accept the fact my life is in serious imminent danger and must grant forma pauperis status.

(Docket Entry No. 1, at 9–10.)

In his present complaint, like many of his others, Plaintiff primarily complains about alleged facts that would not overcome the 3-strikes bar of § 1915(g): past beatings by approximately 22 different Defendants on different occasions, confiscation and destruction of his legal mail, refusal to provide postage for legal mail, and vague death threats from Defendants who are upset that Plaintiff will not stop filing lawsuits. In support of his claim of imminent danger, Plaintiff alleges, as he has in many of his other complaints, that Defendants have "refused to feed [him] off and on. They have told me they are gonna kill me. They put visine drops in my tray and told me they were doing it to kill me because I won't stop filing lawsuits against TDOC. My health is deteriorating. I have lost 15 pounds in 10 days. My life is in imminent danger." (Docket Entry No. 1, at 9.)

In a recent Order of the Honorable Todd Campbell, District Judge found a very similar complaint filed by the same Plaintiff,[5] subject to Section 1915(a). The Court takes judicial notice that Plaintiff has frequently asserted, in complaints filed in this Court in the past year, that his health is deteriorating, that he is not being fed, and that he is losing significant amounts of weight. *See, e.g., Bennett v. Smith*, No. 3:14-cv-1829 (M.D. Tenn. Sept. 12, 2014) (Complaint,

---

[5] *Bennett v. Scott et al.*, No. 3:15-cv-00729 (M.D. Tenn. July 15, 2015) (Memorandum and Order, Docket Entry No. 4) (Campbell, J.).

Docket Entry No. 1, at 4 ("I haven't ate but twice in 3 days.")); *Bennett v. Vance*, No. 3:15-cv-190 (M.D. Tenn. Feb. 27, 2015) (Complaint, Docket Entry No. 1, at 4 ("refused to feed me")); *Bennett v. Greggory*, No. 3:15-cv-493 (M.D. Tenn. April 27, 2015) (Complaint, Docket Entry No. 1, at 7 ("the staff not feeding me is causing my health to deteriorate")).

In his current complaint, Plaintiff does not ask for any relief relating to the allegations of imminent danger. Instead, he asks only for unspecified "immediate injunctive relief," an "injunction regarding [his] legal mail for it to be mailed out," and for $100,000 in financial relief to compensate him for "injuries and mental trauma suffered." (Docket Entry No. 1, at 11.) Since filing his complaint in this action, Plaintiff has filed at least four new complaints, indicating that he is well enough to continue to pursue his abusive litigation practices.

The Court concludes that Plaintiff's conclusory allegations that his life was in imminent danger at the time he filed his complaint are contradicted by Plaintiff's own ongoing activities in this Court and by his failure to seek specific relief related to the events that allegedly placed him in imminent danger. Plaintiff is correct that federal courts may not reject complaints under the PLRA simply because they find the allegations of imminent danger improbable in the abstract, but the decision on which he relies for that principle reaffirms that the PLRA gives courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Factors a court may consider in making that determination include, but are not limited to, "judicially noticeable facts" that rebut a plaintiff's allegations. *Id.* at 32–33.

*Denton* addressed the standard to be employed in an initial review under 28 U.S.C. §

1915(d) of the complaint of a plaintiff who has been granted leave to proceed *in forma pauperis*, but there is no reason to assume that the standard should be less stringent for a § 1915(g) review of the complaint of an inmate who, like Plaintiff here, is already subject to a 3-strikes bar due to his abusive litigation practices. As the United States Court of Appeals for the Third Circuit has explained:

> A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' *i.e.*, allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. *See Denton*, 504 U.S. at 32. Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible. *See id.*

*Brown v. City Of Philadelphia*, 331 F. App'x 898, 900 (3d Cir. 2009) (affirming dismissal under § 1915(g) of complaint brought by an inmate with a "demonstrated [] pattern of abusing judicial process," as evidenced by more than 30 meritless lawsuits in a decade). While a plaintiff seeking to proceed under § 1915(g) "need not affirmatively prove" his allegations of imminent danger in his complaint, the district court's review of his allegations is fairly "informed by its judicial experience and common sense." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012), and *Taylor v. First Med. Mgmt*, 508 F. App'x 488, 492 (6th Cir. 2012)).

In conducting this review, the Court takes judicial notice of Judge Campbell's order of dismissal in *Bennett v. Scott et al.*, No. 3:15-cv-00729 (M.D. Tenn. July 15, 2015) (Memorandum and Order, Docket Entry No. 4), which itself took note of Plaintiff's egregious

and ongoing abuse of the privilege of filing lawsuits without pre-payment of fees,[6] Plaintiff's repetitive claims that he is not being provided with adequate food or water, and the apparent lack of any harm befalling him as a result of such alleged deprivation, as evidenced by the fact that he continues to be sufficiently healthy to draft and file pleadings and motions in the weeks after alleging in this case that he was in imminent danger due to lack of food and threats to his life. In light of these facts, this Court, too, finds Plaintiff's allegation of imminent danger to be clearly baseless.

Accordingly, the motion to proceed *in forma pauperis* will be denied. In addition, because Plaintiff has demonstrated his inability to pay the full filing fee in advance, rather than granting 30 days within which to pay the full filing fee, this action will be dismissed without prejudice.

An appropriate Order is filed herewith.

ENTERED this the 23rd day of July, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

---

[6] Plaintiff already owes this Court more than $8,000 in assessed filing fees, for which the Court has received $0.00 payment because of Plaintiff's lack of funds in his inmate trust account and prior debts. The assessment of fees that will never actually be paid is clearly not a deterrent to Plaintiff.